

# THE ATTORNEY GENERAL
# OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 27, 1976

The Honorable Ron Jackson
Executive Director
Texas Youth Council
P. O. Box 9999
Austin, Texas    78766

Opinion No. H- 829

Re:  Employment status
of teachers employed by
the Texas Youth Council.

Dear Mr. Jackson:

You have requested our opinion on a number of questions regarding the status of teachers employed by the Texas Youth Council. You first ask whether a teacher employed by the Council is a state employee for purposes of receiving pay for accrued vacation time. Section 20 of article 5143d, V.T.C.S., the Act creating the Texas Youth Council, provides in pertinent part:

> The Youth Council shall, from time to time, appoint a superintendent for each of said schools and institutions, and upon the recommendation of the superintendent shall appoint all other officials, chaplains, teachers, and employees required at said schools and institutions and shall prescribe their duties. . . .
>
> The salaries, compensation, and emoluments of the superintendents and subordinate officials, teachers, and employees shall be fixed as provided by the Legislature.

The current General Appropriations Act, Acts 1975, 64th Leg., ch. 743, art. V, § 7a, at 2849, provides:

> A state employee who resigns, is dismissed, or separated from State employment shall be entitled to be paid for all vacation time duly accrued.

In Attorney General Opinion H-775 (1976), we held that teachers employed by the Texas Youth Council are state employees for purposes of receiving pay for accumulated sick leave. As we stated therein, there appears to be "no basis for drawing a distinction between teaching and non-teaching personnel employed by the Texas Youth Council." This conclusion is as applicable to payment for vacation time as for sick leave. In our opinion, therefore, a teacher employed by the Texas Youth Council is a state employee for purposes of receiving pay for accrued vacation time.

You next ask whether a teacher employed by the Texas Youth Council accrues rights to vacations and leaves by virtue of article 5, section 7 of the General Appropriations Act. The provisions therein as to vacation and sick leave are applicable to "employees of the State." Thus, based on the reasoning of Attorney General Opinion H-775, we believe that such a teacher accrues rights to vacations and leaves by virtue of article 5, section 7 of the Act.

Your third question is whether teachers employed by the Texas Youth Council are subject to the provisions of article 5, section 6 of the General Appropriations Act regarding working hours and holidays. Section 6c of the Act prescribes certain holidays for "State employees," but excepts employees of "agencies of higher education and special schools under the State Board of Education." General Appropriations Act, Acts 1975, 64th Leg., ch. 743, art. V, § 6c, at 2849. The Education Code, which provides statutory authority for agencies of higher education and special schools under the State Board of Education, is specifically made inapplicable "to the institutions and activities of the Texas Youth Council." Education Code, § 1.04(b). It therefore seems clear that holidays for teachers employed by the Council must be the same as those provided for all other State

employees subject to the provisions of article 5, section 6. We note, however, that article 5, section 6 permits agencies to require employees to work on a designated holiday if the continuing nature of agency operations so requires and if the employee receives compensating time off another day.

Section 6b of the Act requires that "agencies," which clearly includes the Texas Youth Council, maintain the 8-hour day and 40-hour week as provided in article 5165a, V.T.C.S. By the terms of that statute, state employees who are employed in the offices of state departments or institutions or agencies and who are paid on a full-time salary basis are required to work 40 hours per week. It is our opinion that teachers employed by the Texas Youth Council are subject to the provisions of article 5, section 6 of the General Appropriations Act regarding working hours and holidays.

You also ask whether a teacher who transfers into a Texas Youth Council school from another school is entitled to take with him his sick leave benefits which accrued prior to transfer, as provided in section 13.904 of the Education Code. As noted above, the Education Code is not applicable "to the institutions and activities of the Texas Youth Council." As a result, it is apparent that a teacher transferring into a Texas Youth Council school district from another school district is not entitled to transfer sick leave benefits in accordance with section 13.904 of the Code.

## S U M M A R Y

A teacher employed by the Texas Youth Council is a state employee for purposes of receiving pay for accrued vacation time. Such a teacher accrues rights to vacations and leaves by virtue of article 5, section 7 of the General Appropriations Act, and is subject to the provisions of article 5, section 6 of the Act regarding working hours and holidays.

A teacher transferring into a Council school district from another school district is not entitled to transfer sick leave benefits in accordance with section 13.904 of the Education Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb